In the Matter of Herbert B. Thau, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, April 18, 1974.

*John G. Bonomi* of counsel (*Ronald Eisenman* with him on the brief), for petitioner.

*Herbert B. Thau,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in the Second Department in 1951.

He was charged with commingling and conversion of funds entrusted to him as an escrowee as well as issuing checks which were dishonored.

The background leading to the first charge is that the respondent represented his client, as seller, at the closing of the

sale of a summer home in Sayville, Long Island. At the closing, respondent was given $2,000 to hold in escrow. The fund was to be used for payment of certain expenses, including attorney's fees, and the balance was to be returned to the client.

At the hearing before the Referee, the complainant, after his recollection was refreshed, conceded that the money had been repaid to him.

However, the evidence showed that the $2,000 had been placed in respondent's personal account and withdrawn for other purposes. To that extent, the finding by the Referee of commingling and conversion is confirmed.

On the second charge, the respondent conceded that he had presented numerous checks which were dishonored. We therefore sustain the finding of the Referee on the second charge.

However, in mitigation, respondent stated that the debts represented by these checks were all ultimately paid and none involved payees who were his clients.

Testimony on behalf of the respondent further proved that he was under severe financial and emotional strain, partially due to illness of his wife, which we also consider in mitigation of the charges preferred.

Under the totality of the circumstances of this case thus far, we would have imposed the penalty of censure as the appropriate punishment of the respondent (cf. *Matter of Raines*, 38 A D 2d 459).

However, respondent has once before been admonished by the Grievance Committee for having improperly commingled funds and sending one client a check which was dishonored. In that instance, the client was paid in full on the same day respondent was notified of the dishonor.

While, as previously noted, there are mitigating circumstances in this case mandating leniency by this court, we nonetheless find that the failure to abide by the prior admonition resulting in the present charges requires that respondent be suspended for a period of 30 days.

MURPHY, J. P., STEUER, TILZER, CAPOZZOLI and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of 30 days, effective May 20, 1974.